UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Godwin Achu,

Civil No. 00-CV-2559 ADM/AJB

Plaintiff,

vs.

**STIPULATION AND CONFIDENTIALITY AGREEMENT**

Aviv Health Care, Inc.,
d/b/a Queen Care Center,
a Minnesota company

Defendant.

---

The parties to the above-captioned action, by and through their undersigned counsel of record, hereby stipulate and agree, and the Court hereby orders pursuant to Rule 26.03 of the Federal Rules of Civil Procedure, that:

1. This Order shall govern the production, use and disclosure of information, documents, and tangible things produced, used or disclosed in connection with this action and designated in accordance with this Order by the parties to the action or by third parties who produce or provide information in connection with this action. As used hereinafter in this Order, the term "documents" shall be defined to mean all written, recorded or graphic material whatsoever, including, but not limited to: documents (as defined in Rule 34 of the Federal Rules of Civil Procedure and/or in discovery requests or subpoenas served in this action); responses to interrogatories, document requests, and requests for admissions; all testimony given in this action; whether by deposition or otherwise, and all transcript copies thereof; and all information contained therein and derived therefrom.

FILED FEB 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

2. As used herein, "CONFIDENTIAL INFORMATION" means any document or tangible thing that (a) contains nonpublic commercial or proprietary information the public disclosure of which the producing party or third party believes could be detrimental to its interests; and (b) is designated as "CONFIDENTIAL INFORMATION" by the producing party or third party by the placement of a mark or stamp reading "CONFIDENTIAL" at the time such document or tangible thing is produced to the receiving party or parties, or, in the case of documents or tangible things produced in the action prior to the Court's entry of this Order, within fourteen days of the Court's entry of this Order. A preliminary production of documents or tangible things for the purpose of inspection and designation for copying by a receiving party shall not constitute a waiver of confidentiality, even if those documents or tangible things have not been marked "CONFIDENTIAL." In such instance, the producing party or third party shall have ten (10) days from the date of production in which to designate such documents or tangible things as confidential; during such ten (10) day period from the date of production, all receiving parties shall treat the documents and tangible things produced as if they had been marked "CONFIDENTIAL." If documents or tangible things so produced are not designated within that ten (10) day period, the documents and tangible things may thereafter be treated as non-confidential.

3. Confidential Information shall be used by persons to whom the Confidential Information is disclosed pursuant to this Order solely for the preparation, trial, appeal and/or settlement of this action, and for no other purposes. Moreover, except as specifically provided for in this or a subsequent order of the Court, no receiving party may disclose Confidential Information to persons other than the following persons ("Qualified Persons"):

(a) Counsel for a party, employees of such counsel, and service bureaus (e.g. copy centers) performing services at the request of such counsel;

(b) Outside experts retained by a party to assist in the prosecution or defense of this case, and persons regularly employed in the offices of such experts if such employees have reasonable need to have access to such Confidential Information;

(c) Parties to this action, including such officers, directors, employees and other representatives of corporate parties as are assisting counsel in the prosecution or defense of this action;

(d) Any person whose testimony in this action has been requested by a duly served Rule 30 deposition notice and/or Rule 45 subpoena, except that such persons may be shown Confidential Information (i) only during testimony given pursuant to such notice or subpoena or in connection with meetings with counsel in preparation for such testimony, and (ii) only to the extent necessary for such testimony or preparation;

(e) The author recipient of a document containing Confidential Information solely with respect to that document;

(f) A person mentioned in a document containing Confidential Information solely with respect to that document;

(g) Any representative of the producing party or third party giving testimony by deposition or in Court; and

(h) The Court, Court personnel, and Court or deposition reporters transcribing testimony or hearings in this action.

Provided, however: (1) that prior to disclosure of Confidential Information to Qualified Person pursuant to subparagraphs (b), (c) and (d) above or to the disclosure of Attorneys' Eyes Information (as hereinafter defined) to a Qualified Person described in subparagraph (b) above, counsel shall furnish a copy of this Protective Order to them and obtain a written agreement of such person, in the form attached as Appendix A, to be bound by the terms of this Protective Order — such written agreements shall be maintained by the attorney disclosing information to such Qualified Persons, and shall be provided to the Court if so ordered; and (2) that no disclosure shall be made to a Qualified Person pursuant to subparagraph (d) above until five business days have passed from the date of the service in the action of the relevant Rule 30 deposition notice or Rule 45 subpoena, and that, if within such five business day period a party serves a notice of motion seeking an Order of the Court precluding disclosure of Confidential Information to a particular person from whom testimony will be taken, no disclosure shall be made pursuant to subparagraph (d) above until the motion is ruled upon or withdrawn. The Parties may modify the terms of this provision by written agreement.

4. As used herein, "ATTORNEYS' EYES INFORMATION" means any document or tangible thing that (a) contains nonpublic commercial or proprietary financial information the disclosure of which to other parties in the action the producing party or third party believes could be detrimental to its interest; and (b) is designated "ATTORNEYS' EYES ONLY" by the producing party or third party by the placement of a mark or stamp reading "ATTORNEYS' EYES ONLY" at the time such document or tangible thing is produced to the receiving party or parties; or in the case of documents or tangible things produced in the action prior to the Court's entry of this Order, within

fourteen days of the Court's entry of this Order. Attorneys' Eyes Information shall be used by persons to whom the Attorneys' Eyes Information is disclosed pursuant to this Order solely for the preparation, trial, appeal and/or settlement of this action, and for no other purpose. Moreover, except as specifically provided for in this or a subsequent order of the Court, no receiving party may disclose Attorneys' Eyes Information to any person other than the Qualified Persons identified in subparagraphs 3(a) and 3(b) above. A party may challenge any ATTORNEYS' EYES ONLY designation at any time by providing written notice to counsel that the designation is being challenged. In the event that an ATTORNEYS' EYES ONLY designation is challenged, then the documents shall be treated as CONFIDENTIAL until such time as a Court Order is entered determining the proper designation for the documents. The producing party shall have the right upon filing a motion to designate the produced documents as ATTORNEYS' EYES ONLY to require that the documents at issue be returned to the producing party. Should a Court Order designate documents as ATTORNEYS' EYES ONLY, that designation shall apply only from the date of the Order forward.

5. In the event counsel for any party determines to file with or submit to this Court any Confidential Information or Attorneys' Eyes Information (by way of pleadings, motions, briefs or any other papers), such Confidential Information or Attorneys' Eyes Information shall be filed only in a sealed envelope on which the caption of the action and a statement substantially in the following form shall be endorsed:

**CONFIDENTIAL**

**This envelope contains materials that are subject to a Protective Order entered by the Court in this action governing use of confidential material. This envelope shall not be opened except as directed by the Court.**

All such materials so filed shall be maintained by the Court Administrator separate from the public records in this action and shall be released only upon further Order of the Court. No inadvertent disclosure by the Court Administrator's office or court personnel of any document so filed shall operate as a waiver of confidentiality. Nothing in this Protective Order however, shall preclude any party from moving the Court to unseal any documents filed under and pursuant to this paragraph.

6. Confidential Information and Attorneys' Eyes Information shall not be disclosed or made available, in whole or in part, whether in writing, orally, or by other means, to persons other than Qualified Persons, or the party who designated the Confidential Information or Attorneys' Eyes Information, except as required by law, or by any judicial governmental or administrative body under any law, regulation, or order, provided, however, that the party being required to disclose Confidential Information or Attorneys' Eyes Information shall give ten (10) days prior written notice of such disclosure by certified mail to the attorneys of record for the producing party, unless the judicial, governmental or administrative body's law, regulation or order requires disclosure sooner, in which case the party required to disclose Confidential Information or Attorneys' Eyes Information shall give notice by telephone as soon as practicable, but in any event before disclosure is made.

7. Testimony of a party or third party, or of officer, director, agent, consultant, expert, and/or employee of a party to a third party, whether elicited during depositions, hearings, or other proceedings, and any transcripts of such testimony, may be designated as Confidential Information

or Attorneys' Eyes Information by any party to this litigation and/or the individual providing the testimony. All such designated testimony shall be treated thereafter as Confidential Information or Attorneys' Eyes Information under this Stipulation and Confidentiality Agreement. In addition, any party or the testifying individual may designate testimony as Confidential Information or Attorneys' Eyes Information, on or before fourteen (14) days after receipt by the person giving testimony, or counsel for such person, of a transcript of the testimony by serving on counsel for all parties to this action written designation, by transcript page and line, of any specific portion(s) of the testimony to receive continuing status as Confidential Information or Attorneys' Eyes Information. It shall not be a violation of this Stipulation and Confidentiality Agreement to disclose such information prior to any such designation. Except as otherwise ordered by the Court, persons not entitled to receive Attorneys' Eyes Information will be excluded from deposition proceedings during the provision of deposition testimony deemed Attorneys' Eyes Information.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if the party or third party providing the Confidential Information or Attorneys' Eyes Information consents to such disclosure, or if the Court, after notice to the affected party or third party, orders such disclosure.

9. The designation of Confidential Information and Attorneys' Eyes Information under this Protective Order is intended solely to facilitate the proceedings in this case, and such designation shall not be construed as an admission or agreement by any party or third party that such information constitutes or contains confidential, secret or proprietary information.

10. At the conclusion of the litigations, all Confidential Information and Attorneys' Eyes Information in the possession, custody or control of receiving parties shall be destroyed, or, upon request of counsel to a producing party or third party, returned to the producing party or third party.

Upon request of counsel to a producing party or third party at the conclusion of the litigation, counsel for a receiving party shall also furnish to requesting counsel a copy of the written agreement (in the form attached as Appendix A) executed by each Qualified Person described in subparagraphs 3(b), (c), and (d) to whom the receiving party disclosed Confidential Information or Attorneys' Eyes Information of that party or third party. Nothing in this paragraph shall, however, be deemed to preclude retention by attorneys of record in this action of a reasonable number of archival copies of documents and/or tangible things relating to this litigation, including for example, pleadings, briefs, affidavits, trial exhibits and similar court filings, that may contain Confidential Information or Attorneys' Eyes Information.

11. The provisions of this Protective Order are without prejudice to the rights of (a) the party or third party providing Confidential Information or Attorneys' Eyes Information to apply to the court for an order imposing further restrictions on any given document, tangible thing or item of information, or (b) any party or third party to oppose production or admissibility of documents, tangible things or information for any reason.

12. If the party receiving Confidential Information believes that a given document, tangible thing or item of information should not be treated as Confidential Information, the party receiving the Confidential Information shall notify the producing party or third party in writing and the parties shall attempt to resolve the matter between themselves. If the parties are unable to agree, the party contesting the designation of the information as Confidential Information shall file a motion with the Court for the entry of an order that such document, tangible thing or item of information need not be treated as Confidential Information. Until this Court enters an order, if any, changing

the designation of the document, tangible thing or item of information, such document, tangible thing or information shall continue to be protected as provided in this Order.

13. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information or Attorneys' Eyes Information in any manner it sees fit, or from revealing its own Confidential Information or Attorneys' Eyes Information to whomever it chooses, without the prior consent of the other party or this Court.

ENTERED THIS 26th DAY OF February 2001

JUDGE OF THE UNITED STATES DISTRICT COURT

**SO STIPULATED AND AGREED:**

FOR PLAINTIFF GODWIN ACHU

By:
John A. Klassen (24434X)
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
(612) 204-4533

FOR DEFENDANT AVIV HEALTH CARE, INC. D/B/A QUEEN CARE CENTER

By:
Leny K. Wallen-Friedman (233894)
Wallen-Friedman Law Office, P.A.
860 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
(612) 341-9893

APPENDIX A

AGREEMENT

Re: Godwin Achu v. Aviv Health Care, Inc. d/b/a Queen Care Center
United States District Court, Case No. CV-2559 (ADM/AJB)

I, ______________________________________, certify that I have read the Stipulation and Confidentiality Order in the above-referenced lawsuit (the "Confidentiality Order").

I understand that I will be given information, and/or shown documents and things, that the Court has ordered to be kept in strict confidence.

I agree that I will use the confidential information, documents and/or things being provided to me solely for the purpose of the above lawsuit, and for no other purpose.

I agree that I will not disclose to any other person the confidential information, documents and/or things being provided to me unless I know that the person is also qualified under the Confidentiality Order to receive confidential information.

I further agree that if I misuse or wrongfully disclose the confidential information, documents or tangible things being provided to me, the UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA, FOURTH DIVISION, may take action against me to remedy and enforce the terms of its Confidentiality Order.

Dated: ________________________

________________________________
Signature

________________________________
Address

________________________________
City and State

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.